IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JENNIFER COOK,

        Plaintiff,                    No. CIV S-05-0975 KJM

       vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.              <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons discussed below, the court will grant plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary judgment, and remand for immediate payment of benefits.

/////

/////

/////

/////

1

I. Factual and Procedural Background

In a decision dated December 20, 2004, the ALJ determined plaintiff was not disabled.[1] The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff has severe impairments of spondylarthropathy with iritis but these impairments do not meet or medically equal a listed impairment; plaintiff is not fully credible; plaintiff can lift 20 pounds occasionally and 10 pounds frequently; plaintiff can perform her past relevant work as a credit manager assistant; and plaintiff is not disabled. Administrative Transcript ("AT") 15. Plaintiff assigns several errors to

/////

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

the ALJ's decision.  Dispositive, however, is plaintiff's contention that the ALJ improperly rejected the opinion of an examining consultative physician.

II.  Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

Plaintiff contends the ALJ improperly accorded no weight to the opinion of Dr. Haselwood, who served as a rheumatologic consulting physician and who examined plaintiff in that context.  AT 263-266, 291.  The weight given to medical opinions depends in part on

3

1 whether they are proffered by treating, examining, or non-examining professionals. Lester v.
2 Chater, 81 F.3d 821, 830 (9th Cir. 1995). Ordinarily, more weight is given to the opinion of a
3 treating professional, who has a greater opportunity to know and observe the patient as an
4 individual. Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

5      To evaluate whether an ALJ properly rejected a medical opinion, in addition to
6 considering its source, the court considers whether (1) contradictory opinions are in the record,
7 and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a
8 treating or examining medical professional only for "clear and convincing" reasons. Lester, 81
9 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be
10 rejected for "specific and legitimate" reasons, that are supported by substantial evidence. Id. at
11 830. While a treating professional's opinion generally is accorded superior weight, if it is
12 contradicted by a supported examining professional's opinion (e.g., supported by different
13 independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d
14 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)). In
15 any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical
16 findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory,
17 minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a
18 non-examining professional, without other evidence, is insufficient to reject the opinion of a
19 treating or examining professional. Lester, 81 F.3d at 831.

20      Dr. Haselwood, a specialist in rheumatology, performed a comprehensive
21 evaluation of plaintiff on October 6, 2004. AT 263. The doctor reviewed plaintiff's medical
22 records from her treating physicians and performed a physical exam. AT 264-265. Dr.
23 Haselwood diagnosed plaintiff as having a chronic, predominantly axial and large joint
24 musculoskeletal pain and dysfunction syndrome but noted that in the context of plaintiff's
25 present medical regimen, the current physical findings were too benign and non-specific to allow
26 confirmation of a definitive diagnosis. With respect to functional limitations, Dr. Haselwood

opined that plaintiff is "limited to a rather narrow range of sedentary functionality which would most likely be consumed by her attempts at independent daily living." AT 266.

No treating physician opined as to plaintiff's functional limitations and there is no other consulting examining record opinion with respect to plaintiff's physical limitations. Cf. AT 187-191 (psychiatric evaluation). Although there are two residual functional capacity assessments by state agency physicians, these are neither discussed nor referenced in the ALJ's discussion of Dr. Haselwood's evaluation. AT 12-13, 179-186, 192-201. The ALJ characterized Dr. Haselwood's opinion as an "extreme assessment" and rejected it as inconsistent with the benign examination and the evidence of record. AT 13. What evidence the ALJ is referencing is unclear from the decision. In rejecting Dr. Haselwood's opinion, the ALJ ignored one of the bases of the opinion, i.e., the significant pharmacological intervention plaintiff was undergoing, characterized by the doctor as "an aggressive combination of immune modulating or immunosuppressive medications." AT 266; see also AT 93-94 (plaintiff's medications). That Dr. Haselwood could not make a definitive diagnosis is not a legitimate reason for rejecting his opinion. AT 12. As noted, the doctor's opinion also was based on the medical records. AT 263-264. It appears the ALJ did nothing more than simply substitute his own assessment of those records for that of the informed medical opinion of the very expert the ALJ consulted to aid his decision. AT 291. The ALJ also rejected the opinion, to the extent it was based on plaintiff's mental status, as not within the purview of a specialist in rheumatology. However, Dr. Haselwood specifically deferred to a "more appropriate subspecialty opinion" with respect to "psychologic stamina to provide adequate coping and support mechanisms." AT 266. The ALJ also asserted as a basis for rejecting the opinion that it was speculative and "primarily based on [plaintiff's] report of her limitations." AT 13. The doctor's opinion with respect to plaintiff's functional limitations, however, was not predicated on plaintiff's ability to cope or her report of her limitations, but rather was based on her presentation and medical records, including plaintiff's treatment regimen. AT 266. The reasons set forth by the ALJ for rejecting Dr.

5

1  Haselwood's opinion do not meet the standards set forth in <u>Lester</u> and the other authorities cited
2  above.
3         The decision whether to remand a case for additional evidence or simply to award
4  benefits is within the discretion of the court.  <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir.
5  1990).  Here, the ALJ improperly rejected the opinion of Dr. Haselwood.  Where the ALJ "fails
6  to provide adequate reasons for rejecting the opinion of a treating or examining physician, [the
7  court] credit[s] that opinion as a matter of law."  <u>Lester</u>, 81 F.3d at 834.  Dr. Haselwood opined
8  plaintiff could not sustain "full time gainful employment even under the most sedentary and
9  accommodating of settings," and that this condition was unlikely to change for at least twelve
10 months.  AT 266.  If this opinion is credited, plaintiff must be found disabled.  Under these
11 circumstances, an award of benefits is appropriate.
12        For the foregoing reasons, this matter will be remanded under sentence four of 42
13 U.S.C. § 405(g) for immediate payment of benefits.
14        Accordingly, IT IS HEREBY ORDERED that:
15        1.  Plaintiff's motion for summary judgment is granted.
16        2.  The Commissioner's cross-motion for summary judgment is denied.
17        3.  This action is remanded to the Commissioner for immediate payment of
18 benefits.
19 DATED: September 19, 2006.

                                            _____
                                            UNITED STATES MAGISTRATE JUDGE

25 006
   cook.ss

6